```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |
|---|---|
| JASPER LEE VICK,         | |
|     Petitioner,          | |
| vs.                      | No. 10-2212-STA-cgc |
| CHERRY LINDAMOOD,        | |
|     Respondent.          | |

```
         ORDER GRANTING RESPONDENT'S MOTION
          TO STAY AND HOLD MATTER IN ABEYANCE
 ORDER DENYING PETITIONER'S MOTION TO ORDER STATE COURT TO RULE
      ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL
          ORDER DENYING MOTION FOR A SCHEDULING ORDER
                              AND
              ORDER ADMINISTRATIVELY CLOSING CASE
```

On March 15, 2010, Petitioner Jasper Lee Vick, Tennessee Department of Correction prisoner number 139471, who is currently an inmate at the South Central Correctional Facility in Clifton, Tennessee, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, entitled Extraordinary and Emergency Petition for the Great Writ of Habeas Corpus, Demanding Immediate Release from State Custody, Because Vick is Under Imminent Danger and Held by the State Without Jurisdiction, in Violation of the Constitution, Laws, and Treaties of the United States. (ECF No. 1.) On May 5, 2010, the Court issued an order directing Petitioner to submit an amended petition on the official form (ECF No. 4), and he

complied with that order on June 2, 2010 (ECF No. 5). The Court issued an order on June 29, 2010 directing Respondent to file the state-court record and a response to the petition. (ECF No. 7.)

On September 22, 2010, Respondent filed a Motion to Stay Proceedings and Hold in Abeyance Pending Exhaustion of State Court Remedies. (ECF No. 16.) In that motion, Respondent averred that Vick has a post-conviction petition pending before the Criminal Court for Shelby County, Tennessee, that includes several claims at issue in this action. (ECF 16 at 1; ECF 16-1 at 2.)[1] Respondent also explained that the state courts have issued numerous rulings since Vick's conviction:

> Vick was convicted in the Shelby County Criminal Court on September 9, 2004, but his sentencing was twice remanded to the state trial court prior to his final sentence of 26 effective years being entered on January 31, 2008. Vick has unsuccessfully attacked this sentence through both a state _error corum nobis_ proceeding and two state habeas actions. _Jasper Vick v. State_, No. W2009-01317-CCA-R3-CO, (Tenn. Crim. App. Aug. 6, 2009) (perm. app. denied Feb. 22, 2010); _Jasper Vick v. State_, No. W2006-02172-CCA-R3-HC, 2008 WL 80580 (Tenn. Crim. App. Jan 08, 2008; _Jasper Vick v. State_, No. W2009-01420-CCA-R3-HC, 2009 WL 4826946 (Tenn. Crim. App. Dec. 16, 2009) (perm. app. denied May 11, 2010).

(ECF No. 16-1 at 1-2 (record citations omitted).) Petitioner did not file a timely response to this motion.

On November 22, 2010, Petitioner filed a Motion to Order Respondent [sic] to Rule on Petitioner's "Petition for

---

[1] Respondent also noted that "Vick unsuccessfully attempted to stay his post-conviction petition shortly after filing it." (ECF No. 16-1 at 2 (citing ECF No. 5-2 at 17).)

Postconviction Relief" "Instanter" or, Have Petitioner Transported Back to Shelby County, Tennessee "Instanter" to Have This Motion Heard "Instanter" or, in the Alternative This Court Rule on Constitutional Issues Presented to This Court." (ECF No. 17.) In this motion, Petitioner complains that his post-conviction petition has been pending more than two years and no hearing has been held. (Id. at 3.)

Petitioner's motion is without merit. Respondent is the warden of the facility in which Petitioner is imprisoned, not the state-court judge assigned to hear the post-conviction petition. This Court has no authority to issue any order to the state court concerning its handling of a pending case. See O'Shea v. Littleton, 414 U.S. 488, 500-02, 94 S. Ct. 669, 678-79, 38 L. Ed. 2d 674 (1974). Petitioner's motion is DENIED.

Respondent's motion is well taken. Twenty-eight U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas court to the state courts. Cullen v. Pinholster, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398, 79 L. Ed. 2d 557 (2011). The petitioner must "fairly present"² each claim to all levels of state

---

² For a claim to be exhausted, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6,
(continued...)

3

court review, up to and including the state's highest court on discretionary review, Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349, 158 L. Ed. 2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy, O'Sullivan v. Boerckel, 526 U.S. 837, 847-48, 119 S. Ct. 1728, 1733-34, 144 L. Ed. 2d 1 (1999). Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court in order to "be deemed to have exhausted all available state remedies." Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003); see Smith v. Morgan, 371 F. App'x 575, 579 (6th Cir. 2010) (the Adams holding promotes comity by requiring that state courts have the first opportunity to review and evaluate claims and by mandating that federal courts respect the duly promulgated rule of the Tennessee Supreme Court that recognizes the court's law and policy-making function and its desire not to be entangled in the business of simple error correction).

There are some circumstances in which unreasonable delays by the state courts may relieve a habeas petitioner of the exhaustion requirement. In Turner v. Bagley, 401 F.3d 718, 724, 727 (6th Cir. 2005), for example, the Sixth Circuit granted an unconditional writ of habeas corpus where a prisoner's direct appeal had been pending in state court for more than eight years

---

² (...continued)
103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982) (per curiam). Nor is it enough to make a general appeal to a broad constitutional guarantee. Gray v. Netherland, 518 U.S. 152, 163, 116 S. Ct. 2074, 2081, 135 L. Ed. 2d 457 (1996).

4

without the filing of an appellate brief by the prisoner's various appointed attorneys. That conclusion was not altered by the fact that, eleven (11) years after the filing of the notice of appeal and three years after the filing of the federal habeas petition, the state court affirmed the prisoner's conviction on the merits. Id. at 725-26. The Sixth Circuit explained:

> Turner's claim of appeal in the Ohio state court system languished for years without adjudication. The attorneys appointed by the state failed to prosecute his appeal, and the state court of appeals failed to insure timely representation. On the contrary, the state court continually postponed Turner's appeal by allowing four different attorneys to withdraw from the case without filing briefs. It allowed Turner's appeal to remain on the docket for nearly eleven years without meaningful attention. In cases such as Turner's "failures of court-appointed counsel and delays by the court are attributable to the state." Coe v. Thurman, 922 F.2d 528, 531-32 (citing Barker v. Wingo, 407 U.S. [514,] 531, 92 S. Ct. 2182 [(1972)] ("the ultimate responsibility for such circumstances [as negligence or overcrowded courts] must rest with the government rather than with the defendant.")).
>
> At the time he filed his federal habeas corpus petition, Turner was without recourse in state court. A habeas petitioner such as Turner who makes "frequent but unavailing requests to have his appeal processed" in state court is "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal.

Id.

Turner is distinguishable from the instant case because it involved a direct appeal, rather than a postconviction

5

petition.[3] The Turner decision relied in part on the Sixth Circuit's decision in Workman v. Tate, 957 F.2d 1339 (6th Cir. 1992), which stated as follows:

> Pursuant to 28 U.S.C. § 2254(b), habeas relief generally should not be granted until the prisoner has exhausted his state remedies, unless there exist "circumstances rendering such processes ineffective to protect the rights of the prisoner."[4]
>
> Inordinate delay in adjudicating state court claims can be such a circumstance, particularly where, as here, the state clearly is responsible for the delay. Indeed, the principle that federal courts should defer to state courts in the interest of comity assumes that the state courts will give prompt consideration to claims of violation of constitutional rights.

Id. at 1344 (citations omitted). In Workman, the Sixth Circuit held that a habeas petitioner was excused from the exhaustion requirement where his "petition for post-conviction relief has languished in the state courts for more than three years." Id.

On the other hand, in Tinsley v. O'Dea, No. 97-5419, 1998 WL 124045 (6th Cir. Mar. 12, 1998), the Sixth Circuit affirmed the dismissal of a habeas petition in which the prisoner was complaining of a six-year delay in the adjudication of his postconviction petition:

---

[3] In his federal habeas petition, Turner raised claims of excessive delay in his direct appeal and ineffective assistance of appellate counsel. Id. at 722. As the prisoner was effectively deprived of a meaningful direct appeal, the Sixth Circuit concluded it was appropriate to issue an unconditional writ of habeas corpus. Id. at 727. Such relief would not be appropriate in this case even if Vick were excused from the exhaustion requirement.

[4] This language was altered in the current version of the statute, which was enacted in 1996. See 28 U.S.C. § 2254(b).

6

> Most of the cases cited by Tinsley involved direct criminal appeals. Tinsley's direct appeal was promptly adjudicated by the Kentucky Supreme Court. A six-year delay in processing Tinsley's direct appeal clearly would have been inordinate.
>
> Although it may be argued that such a delay in a post-conviction relief proceeding poses a closer question, we need not decide that question since the parties have informed this court that, during the pendency of this appeal, the Lincoln Circuit Court denied Tinsley's motion for post-conviction relief in an order filed on June 4, 1997, and an amended order filed on August 1, 1997. Counsel was appointed to represent Tinsley in his appeal of that decision and his brief in that appeal was due to be filed with the Kentucky Court of Criminal Appeals on December 29, 1997. In light of this recent activity, and acting on the assumption that the Kentucky Court of Appeals will act promptly, we are prepared to conclude that the district court did not err in determining that federal intervention at this time would be premature. Our decision should not be interpreted as countenancing the delay of six years in processing this habeas corpus petition.

Id. at *3.

Vick has not made any showing that the delay in adjudicating his post-conviction petition was unreasonable. While the petition was pending, Vick has litigated three additional collateral challenges to his conviction or sentence. He also sought to stay proceedings in his post-conviction case, which suggests that any delay is attributable in part to Vick. Under these circumstances, the Court is unable to conclude that there is, as a practical matter, no available means by which the state courts can review Vick's claims. See 28 U.S.C. § 2254(b)(1)(B). Therefore, the Court GRANTS Respondent's motion to stay and hold the matter in

7

abeyance during the pendency of Vick's post-conviction proceeding in the state courts.

On November 24, 2010, Vick filed a motion seeking the appointment of counsel in this matter. (ECF No. 18.) Vick filed a second motion for appointment of counsel on July 8, 2011. (ECF No. 10.) "The constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for a writ of habeas corpus, which is a civil proceeding." Staple v. Lafler, No. 07-cv-12452, 2010 WL 3341530, at *2 (E.D. Mich. Aug. 24, 2010) (citing Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)); see also Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). There is no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987). "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); see also 18 U.S.C. § 3006A(a)(2)(B) (counsel may be appointed for persons seeking relief under 28 U.S.C. § 2254 who are financially eligible whenever the court determines "that the interests of justice so require"). The appointment of counsel is mandatory only when an evidentiary hearing is required. Rule 8(c), Rules Governing Section 2254 Cases in the United States

District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

> In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel.

Hoggard, 29 F.3d at 471 (citations omitted).

Petitioner has not demonstrated that the appointment of counsel would be in the interest of justice at this time. Nothing in Petitioner's submission distinguishes this case from the numerous other § 2254 petitions filed by indigent prisoners who are untrained in the law. It is the responsibility of the Court to review the petition and response, including the state-court record, to determine if there is an issue that warrants an evidentiary hearing. Petitioner's motion is DENIED. If a hearing is required, counsel will be appointed to represent Petitioner, as required by law, without the filing of a motion.

On April 11, 2011, Petitioner filed a Motion Requesting the Court to Issue an Order for a Scheduling Hearing. (ECF No. 19.) Because the Court has granted Respondent's Motion to Stay Proceedings and Hold in Abeyance Pending Exhaustion of State Court Remedies, Petitioner's motion is DENIED as moot.

Because Petitioner's post-conviction petition is pending in state court, he is unable to pursue the action at this time. The Court will, therefore, administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the Court and in no way affects the substantive or procedural rights of the parties in interest to proceed before this Court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the Court without the necessity of a reopening filing fee should the case require further administration. Upon its reopening, the case then becomes, <u>ipso</u> <u>facto</u>, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Therefore,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1.   The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive or procedural rights of any

party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

    2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

    3. Respondent is ORDERED to notify the Court within thirty (30) days of the date on which all state-court proceedings on Petitioner's post-conviction petition have concluded.

    4. Petitioner may renew his motion to bypass state-court review if his petition is pending in the Shelby County Criminal Court one year after the date of entry of this order.

    IT IS SO ORDERED this 15th day of July, 2011.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE